# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL L. BURGESS, | : | |
| Petitioner, | : | |
| vs. | : | CA 20-0206-TFM-MU |
| TREY OLIVER, et al., | : | |
| Respondents. | | |

## **REPORT AND RECOMMENDATION**

This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon Petitioner's failure to prosecute and comply with the Court's order dated April 7, 2020 (Doc. 2), given that Burgess is no longer confined in the Mobile County Metro Jail.

Petitioner Russell L. Burgess, a pretrial detainee, filed a petition for writ of habeas corpus in this Court on April 6, 2020, seeking his immediate release from the Mobile County Metro Jail due to the dangers of his exposure to Covid-19. (*See* Doc. 1; *compare id. with* Doc. 3 (Burgess' request for copies of various forms, including a copy of this Court's form for a petition for writ of habeas corpus under 28 U.S.C. § 2241)). By Order dated and entered on April 7, 2020, Petitioner was instructed, among other things, "to complete and file this Court's form for a petition under 28 U.S.C. § 2241[.]" (Doc. 4, at 1). Petitioner was further informed that any failure on his part "to comply with this order within the prescribed time or to notify the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order." (*Id.*).

On April 21, 2020, the foregoing Order was returned to the Court as undeliverable. (Doc. 5). The face of the envelope reflects that the mailing address of the Mobile County Metro Jail, the address provided by Burgess (*see* Doc. 1, at 1-3), has been "lined through" and contains the following notation in red ink: "RETURN TO SENDER NO LONGER HERE[.]" (*See* Doc. 5). The undersigned's office confirmed with the Jail's website that Burgess is no longer confined in the Mobile County Metro Jail.

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Given that Burgess is no longer confined in the Mobile County Metro Jail (*see, e.g.*, Doc. 5), he has obtained all the relief he was seeking in filing his habeas corpus action (*compare id. with* Doc. 1). In addition, in light of the foregoing, Petitioner obviously has not responded (and will not respond) to the Court's Order dated April 7, 2020, instructing him to complete and file his habeas petition on this Court's form for a petition under § 2241. (*Compare* Doc. 5 *with* Doc. 4). Therefore, it is recommended that the Court **DISMISS** (without prejudice) Petitioner's habeas action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful Order dated April 7, 2020 and because this action is indisputably **MOOT** due to Burgess being released from the Mobile County Metro Jail.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of April, 2020.

                                        s/P. Bradley Murray
                                   **UNITED STATES MAGISTRATE JUDGE**